[Cite as *Tatom v. S. Ohio Corr. Facility*, 2011-Ohio-7055.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RO-SHAWN TATOM

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

    Case No. 2011-07788-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1}  Plaintiff, Ro-Shawn Tatom, an inmate formerly incarcerated at defendant, Southern Ohio Correctional Facility (SOCF), filed this action alleging that several items of his personal property were lost or stolen when he was transferred to a segregation unit on two separate occasions, June 25 and July 30, 2010.  Plaintiff's personal property was packed and delivered into the custody of SOCF staff incident to the transfers.  Plaintiff suggested that an unidentified Corrections Officer (CO) coerced him into signing a property inventory form in order to receive his underclothing and hygiene items during his stay in segregation.  According to plaintiff, the form did not list all of his property but he was told that the property was secure, it just wasn't listed on the form.  Plaintiff recalled that when he was released from segregation, he reported his missing property and a theft/loss report was prepared for this incident and for the earlier incident as well.  Finally, plaintiff asserted that during his transfer from SOCF to Ohio State Penitentiary (OSP), either SOCF or OSP employees lost the files which contained the documentation necessary to establish proof of ownership for the alleged missing property.

{¶2} In his complaint, plaintiff listed the following items as missing: 274 photographs, 54 letters, and two legal books. Plaintiff requested damage recovery in the amount of $1,076.00, stating that "I'd like $3 per photo, $1 per letter, $200 for both legal books $100 each." Plaintiff noted that "many other items were lost, but no evidence to support claim of possession without 'lost' paperwork." Payment of the filing fee was waived.

{¶3} Plaintiff submitted copies of three property inventory records dated July 29, 2009, June 25, 2010, and July 30, 2010. In addition, plaintiff submitted notification of grievance forms, a theft/loss report, a disposition of grievance form dated September 22, 2010, and a decision from the chief inspector dated November 10, 2010. The chief inspector stated as follows: "I reviewed the 7/30/10 and 6/25/10 packup sheets which you signed attesting that each contained an accurate listing of all of your personal property. You did not relay any items were missing. Based upon the information provided, I do not find evidence to support your claim."

{¶4} The court notes that the June 25, 2010 pack-up sheet lists a reasonable amount of pictures and letters but does not document any legal books. At the bottom of the page plaintiff signed that he received his property on July 6, 2010, and there is a notation that contains the word "missing" but the remaining words are essentially illegible. The July 30, 2010 pack-up sheet does not list any letters, photographs, legal books, or legal papers having been found in plaintiff's possession when his property was packed incident to the transfer to segregation.

{¶5} Defendant denied liability in this matter contending that plaintiff failed to offer any evidence to establish that any of his property was lost or stolen as a result of any breach of a duty of care owed on the part of SOCF personnel in regard to inmate property protection. Defendant asserted that plaintiff's "claim involves three occasions on which plaintiff's property was packed-up, inventoried, and placed in storage as a result of the plaintiff's placement in security control on each occasion." Defendant supported this contention with three attachments: pack-up sheets dated June 25, July 17, and July 30, 2010. Defendant pointed out that there is no record of plaintiff possessing two legal books on any of the three pack-up sheets. Rather, the lists document one book and describe it as "religious." Although defendant contended that each of the three forms records a reasonable amount of pictures, the court notes that

the July 30, 2010 inventory does not list any pictures or letters.[1]  Defendant maintained that plaintiff acknowledged receipt of his property on each occasion and that according to defendant "all such material was returned to the plaintiff."  Finally, defendant noted that on December 21, 2010, plaintiff was transferred to OSP.  Defendant filed a copy of the inventory record for that transfer and items relevant to this claim include two books, a reasonable amount of letters and papers, and assorted pictures followed by the notation "all" or the number "911."  Plaintiff acknowledged receipt of these items on December 22, 2010.

{¶6}  Plaintiff filed a response essentially reiterating the allegations of his complaint.

## CONCLUSIONS OF LAW

{¶7}  In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶8}  "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ."  *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶9} Although not strictly responsible for a prisoner's property defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶10}  This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶11}  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by

---

[1]  The preprinted reference under the column that indicates the institutional limits for inmate property, RA, or 'reasonable amount" is merely circled and plaintiff maintains in his response that he made such marks to indicate the items were not packed and were indeed missing.

defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶12} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶13} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find the assertions of plaintiff particularly persuasive regarding the allegations of alleged lost or stolen property. Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove that defendant actually exercised control over and failed to return his alleged missing property incident to the June 25, July 17, and July 30, 2010 transfers to segregation.

{¶14} Plaintiff's failure to prove delivery of the property items to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶15} Plaintiff has failed to show a causal connection between the loss of his property and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶16} Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal

regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182.  Accordingly, to the extent plaintiff alleges that SOCF staff failed to comply with internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.



# Court of Claims of Ohio

RO-SHAWN TATOM

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

    Case No. 2011-07788-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ro-Shawn Tatom, #394-958
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa
10/20
Filed 11/2/11
Sent to S.C. reporter 3/30/12